UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:26-cv-03432-SSC                    Date: July 17, 2026

Title      Parminderpal Singh v. Warden Desert View Detention
           Facility, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

            Teagan Snyder                              n/a
             Deputy Clerk                    Court Reporter / Recorder

    Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:
            None Present                            None Present

**Proceedings:**   (IN CHAMBERS) **Order Directing Respondents to
File Further Supplemental Briefing**

On June 22, 2026, Petitioner Parminderpal Singh filed a petition
for writ of habeas corpus by person in federal custody pursuant to 28
U.S.C. § 2241.  (ECF 1.)  It alleges that Petitioner "has no criminal
history" and "is not convicted of any offen[s]es" but acknowledges that
he "was arrested by local law enforcement authorities on March 27,
2026 and released on March 30, 2026[.]"  (ECF 1-1 at 5.)  No further
detail about this March 2026 arrest are provided.

Petitioner alleges that "[Department of Homeland Security (DHS)]
did not claim in May 2026 that Petitioner violated any bond condition or
committed a crime that would automatically mandate custody" and that
"it appears DHS's decision to detain was based on a blanket policy
change (the new legal interpretation under [*Matter of Yajure-Hurtado*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03432-SSC                    Date: July 17, 2026

Title      Parminderpal Singh v. Warden Desert View Detention
           Facility, et al.

29 I&N Dec. 216 (BIA 2025)]) rather than any individualized analysis." (*Id.* at 5, 12.)  Petitioner asserts that he may be entitled to relief under *Maldonado Bautista* but seeks "relief beyond the scope of *Maldonado Bautista*" and seems to argue that a post-deprivation bond hearing would be inadequate.  (*Id.* at 5–7.)  Petitioner alleges that he "has no further administrative remedies that could provide him a constitutionally adequate remedy" and that "[a]ny attempt to secure a bond redetermination before an Immigration Judge would be futile." (*Id.* at 7.)

Respondents filed an answer on June 30, 2026.  (ECF 7.) Respondents provide that "Petitioner was detained following his arrest for Posses Stolen Vehicle/Vessel, Vandalism, Trespass: Occupy Property Without Consent, and Take Vehicle Without Owner Consent/Vehicle Theft."  (*Id.* at 2.)  Respondents attach to their answer as an exhibit Petitioner's Form I-213, which lists a March 28, 2026 arrest by the San Bernardino Sheriff's Department for (1) possession of a stolen vehicle (Cal. Penal Code § 496d(a)); (2) vandalism (Cal. Penal Code § 594(b)(1)); (3) trespassing (Cal Penal Code § 602(m)); and (4) taking a vehicle without consent/vehicle theft (Cal. Veh. Code § 10851(a)). (ECF 7-1 at 5.)  Petitioner's Form I-213 lists no criminal convictions.  (*Id.*)

Respondents argue that, to the extent Petitioner seeks a bond hearing, "Petitioner has failed to exhaust his administrative remedies because he has not yet requested a bond hearing."  (*Id.* at 2–3.) Respondents' answer does not directly address under what statute Petitioner is subject to detention but notes that under 8 U.S.C. § 1226(a), "DHS has discretionary authority to arrest and detain an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03432-SSC                          Date: July 17, 2026

Title        Parminderpal Singh v. Warden Desert View Detention
             Facility, et al.

alien pending a decision on whether the alien is to be removed from the U.S." (*Id.* at 5.)

Neither party addresses the application of 8 U.S.C. § 1226(c), which provides for mandatory detention related to certain criminal offenses, including arrests for qualifying theft offenses. *See Kumar v. Bowen, et al.*, No. 5:26-cv-00229-RGK-SSC, Dkt. No. 21 (recommending denial of petition where petitioner was arrested for theft and therefore subject to mandatory detention under § 1226(c)) (C.D. Cal. April 21, 2026), Dkt. No. 24 (order accepting Report and Recommendation) (C.D. Cal. May 1, 2026); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-CV-00405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026) (denying petitioner's motion for a TRO after finding that petitioner's detention was mandatory under § 1226(c)(1)(E) because petitioner was inadmissible under § 1182(a)(6)(A) and had been charged with a qualifying theft-related offense).

No later than **July 24, 2026**, Respondents are ordered to file supplemental briefing regarding:

1. The current statutory basis is for Petitioner's detention, *e.g.*, 8 U.S.C. §§ 1225(b),  1226(a) or 1226(c), and, relatedly, whether Petitioner is entitled to a bond hearing.

2. Whether charges were filed against Petitioner for any of the four offenses listed on Petitioner's Form I-213.

   a. If charges were filed: (a) whether these charges were pending at the time of Petitioner's immigration detention

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-03432-SSC                    Date: July 17, 2026

Title      Parminderpal Singh v. Warden Desert View Detention
           Facility, et al.

on May 21, 2026; and (b) the current disposition of any such charges.

Petitioner may file an optional response to Respondents' supplemental brief no later than **July 31, 2026.**

**IT IS SO ORDERED.**

                                            :

Initials of Preparer          **ts**